563 P.2d 384 (1977)
In re the MARRIAGE OF Elsie Baer WILDIN, Appellee, and Walter George WILDIN, Appellant.
No. 75-812.
Colorado Court of Appeals, Division II.
April 7, 1977.
David D. Mulligan, Denver, for appellee.
*385 Rector, Melat & Wheeler, P. C., Jerry A. Retherford, Leo W. Rector, Colorado Springs, for appellant.
ENOCH, Judge.
Walter George Wildin appeals from the property orders entered in connection with the dissolution of his marriage to Elsie Baer Wildin. We reverse and remand.
Elsie Wildin sought dissolution of their marriage of 39 years. The court found, on substantial evidence, that at the time of their marriage Mrs. Wildin owned stocks and bonds having a value of $493,000. The court also found that Mr. Wildin brought into the marriage assets valued at between $30,000 and $40,000. However, the record is not clear as to what his total separate assets consisted of and the court made no findings on this matter. It is undisputed that for the entire marriage neither party was actively employed except for a nine-month period when Mr. Wildin ran a gambling club, and for a three-year period during World War II when he worked in a defense plant. The court found that the couple had lived off of the income from the stocks and bonds brought into the marriage by Mrs. Wildin, and that surplus income was used to purchase additional stocks and bonds in Mrs. Wildin's name.
During the marriage, Mr. Wildin inherited some stocks and bonds, as well as interests in several tracts of real property. There was evidence as to the value of this property, but the court did not find either the value at the time of acquisition or at the time of the property division proceedings.
The parties stipulated at the time of the hearing that the stocks and bonds held in Mrs. Wildin's name had a current market value of $1,683,516, stocks and bonds held in Mr. Wildin's name had a market value of $16,804, and jointly-owned stock had a value of $27,670.
The court awarded to each party the stocks and bonds held in their individual names. It was determined that the jointly-held stock was derived from Mr. Wildin's inheritance, and he was awarded those stocks. Each party's individual bank account remained with that party, and a joint account was divided equally. Mr. Wildin received $3,431 and Mrs. Wildin received $19,214 from the bank accounts. Each party received the life insurance policies in his or her respective name. The cash surrender value of Mrs. Wildin's policies was stipulated to be $124,521 and that of Mr. Wildin was $1,200.
A house acquired in Florida during the marriage was ordered sold, and the proceeds divided equally. Mr. Wildin was awarded the real property interests he had inherited during the marriage. It appears from the record that at the time of the marriage Mrs. Wildin owned a house in Fort Collins and that the parties lived there during part of the marriage. The court found that though she had made a valid conveyance of this property during the marriage the house would have been awarded to her in any event. She also received all furniture in that house and in the Florida residence. Each party was awarded one of their two cars. The value of the houses, real property, furniture and cars was not stipulated to, and, although there was testimony as to their value, the court made no findings thereon.
Mrs. Wildin was ordered to pay Mr. Wildin maintenance of $850 per month, and was also ordered to keep one of her insurance policies in force in order to assure this maintenance would continue if she predeceased Mr. Wildin.
Mr. Wildin appeals the refusal of the court to award him any portion of the stocks and bonds held in Mrs. Wildin's name, claiming that the court erred in finding that he had not contributed to the increase in value of these assets, and in taking judicial notice of certain facts pertaining to investment practices in the stock market.
The property disposition in a dissolution proceeding is a matter within the sound discretion of the trial court, and will not be disturbed on review in the absence of an abuse of that discretion. In re Marriage *386 of Armbeck, 33 Colo.App. 260, 518 P.2d 300. However, because of incomplete and unsubstantiated findings in this case, we are unable to ascertain if there was an abuse of discretion.
Disposition of property is governed by § 14-10-113, C.R.S.1973, and under the requirements of that statute, it is essential for the court to classify the property of the parties as either separate or marital. Not all of the property was so classified in this case.
Under the statute, the court must also determine the approximate current value of the property in each class, and the value of the separate property as of the time of the marriage, or as of the time of acquisition if acquired by gift or inheritance during the marriage. Here, there were findings as to the values of the stocks, bonds, bank accounts and insurance policies, and the increase in value of Mrs. Wildin's stocks and bonds, all of which were stipulated to by the parties. However, there were no findings as to the value of the other assets nor any determination of any increase or decrease in the other separate and inherited assets.
The court stated that the primary issue in this case was contribution of the parties to the increases in the stocks Mrs. Wildin brought into the marriage. Contribution to an increase in separate property is an important factor, but not the sole factor to consider in dividing such property. There are four different factors, see § 14-10-113(1)(a) through (d), C.R.S.1973, to be considered in dividing marital property.
The classification of increases in separate property as marital property is a substantial departure from prior law wherein such increases were generally classed as separate property. See 1971 Perm.Supp., C.R.S.1963, 46-1-13. Now such increases are expressly made marital property, § 14-10-113(4), C.R.S.1973, and as such are subject to division under the conditions set forth in § 14-10-113(1), C.R.S.1973.
The fact that such increases are marital property does not mandate that such property be divided equally, nor does it necessarily preclude the award of substantially all of such property to only one spouse. But the award of such property is to be made after considering all of the stated factors, and not just contribution.
We note that the court found no contribution to the enhancement of the estate by either party; however, it did find that a good job was done in conserving the principal of the estate. The conservation of the principal of an estate is, in itself, a valuable contribution which should be considered. See Santilli v. Santilli, 169 Colo. 49, 453 P.2d 606.
Finally, in reaching the conclusion that neither party contributed to the enhancement of the estate, the court made several observations about the specific character of the investments made. The court observed that no investments had been made in the rapid growth stocks of the 1950's and 1960's, thus indicating an absence of any "shrewd" investment. The court also appeared to equate a low annual return to a lack of effective contribution. From these observations the court concluded that the stocks in the portfolio were investments "you couldn't lose on" and that enhancement of the estate was due primarily to inflation. The court further observed that an experienced investment counselor could have enhanced the estate much more than was done here.
The evidence in the record is insufficient to support these conclusions. Furthermore, as appellant contends, these observations are not based on facts of which a court could properly take judicial notice. For matters to be judicially noticeable, they must be of common knowledge to an interested public. Four-County Metropolitan Capital Improvement District v. Board of County Commissioners, 149 Colo. 284, 369 P.2d 67.
Here, judicial notice of general economic trends, such as the inflationary trend since the time of the marriage, was proper. See McNichols v. Denver, 101 Colo. 316, 74 P.2d 99. However, investment patterns *387 of persons in a situation similar to the Wildins is not a matter of common knowledge. Therefore, comparisons of the investments in Mrs. Wildin's portfolio to those of some hypothetical average investor or a skilled investment counselor were merely speculation. Hence, it was improper for the court to conclude on the basis of these observations that neither party contributed to enhancement of the value of the stocks.
The findings of the trial court must be so explicit as to give the appellate court a clear understanding of the basis of the trial court's decision and to enable it to determine the ground on which it reached its decision. Mowry v. Jackson, 140 Colo. 197, 343 P.2d 833. Because of incomplete and unsubstantiated findings, this standard was not met in the present case.
The judgment entered as to the property division is reversed and the cause is remanded for new and additional findings in accordance with the views expressed herein, and for entry of a new judgment for a division of property consistent with its findings.
RULAND and KELLY, JJ., concur.