**In re the MARRIAGE OF Florence H. LORD, Appellant,**

**and**

**Richard E. Lord, Appellee.**

**No. 79CA0821.**

Colorado Court of Appeals,
Div. I.

Oct. 2, 1980.

Rehearing Denied Oct. 30, 1980.

Certiorari Granted March 30, 1981.

George H. Whitcomb, Richard A. Anderson, Lakewood, for appellant.

Valjean H. McCurdy, Arvada, for appellee.

KIRSHBAUM, Judge.

The wife appeals the trial court's judgment respecting distribution of property and maintenance in this dissolution proceeding. We reverse.

The parties were married in November 1970 and separated in July 1978. Each had been married previously. After the marriage they resided in a home owned at the time by the husband and his former wife as joint tenants. In February 1971, the husband's former wife conveyed her interest in that residence to the husband and the wife as joint tenants. In April 1972, the parties purchased an adjacent lot as joint tenants, and they acquired a joint interest in another parcel of real property.

The parties were 50 years old at the time of the marriage. The husband had acquired vested rights in a pension fund as a result of lengthy federal government employment. The wife worked as a secretary before and during the marriage.

The trial court concluded that the market value of the family residence was $42,000 at the time of the marriage and $80,000 at the time of the dissolution proceedings, but it further concluded that there had been no increase in the "real value" of the property during the marriage, and that it constituted separate property of the husband.[1] The court also concluded that the wife should receive permanent maintenance of $500 per month through and including September 1979, for a period of five months.

The wife first contends that the trial court erred in concluding that because the "real value" of the residence had not increased during the marriage she was not entitled to any credit for any interest she might have in that property or its appreciation in value. We agree.

Section 14–10–113, C.R.S. 1973, requires the trial court initially to distinguish between marital property and separate property. With regard to separate property, the court must determine both its "value" as of the date of the decree or as of the hearing date, and any change in its "value" during the marriage. Thus, for both separate and marital property the court is required to determine the property's "value at the time of the marriage."

Although the statute does not define the term "value," cases involving dissolution proceedings have recognized implicitly the propriety of using market value in establishing the value of real property. *See In Re Marriage of Weaver*, 39 Colo.App. 523, 571 P.2d 307 (1977); *In Re Marriage of Wildin*, 39 Colo.App. 189, 563 P.2d 384 (1977); *Rhoades v. Rhoades*, 188 Colo. 423, 535 P.2d 1122 (1975). However valid the

1. Neither the trial court nor the husband's expert witness defined the term "real value." However, the expert witness did testify to the effect that in his opinion any purported change in the designated market value of the property from the time of the marriage to the date of the dissolution hearing reflected an increase in the cost of living during that period of time, and that, therefore, there was in fact no change in the "real value" of the property.

concept of "real value" might be in other contexts, we conclude that for purposes of proceedings under § 14–10–113, C.R.S. 1973, the market value of real property in dispute is the standard adopted by the General Assembly. Hence, the court's failure to consider the increase in the property's market value in entering its award of property was error.

The husband argues that the trial court in effect determined that under equitable principles the wife should not be credited with any portion of any increase in market value of the residence. However, the trial court's decision was based on its finding that there had been no increase in the real value of the property. We do not know what distribution of property would have been ordered had the substantial appreciation in the market value of the residence been considered marital property by the trial court.

■ The wife also contends that she acquired a one-quarter interest in the family residence subsequent to the marriage. The husband asserts that there was a mistake in the deed and that he did not intend to make a gift to the wife of any interest in the residence. However, the husband's donative intent is not relevant. The question is one of legal title and, if material, the intent of the former wife. These and other questions respecting the effect of the former wife's deed may well require resolution upon remand.

■ Maintenance and property settlement must be considered together in dissolution proceedings to achieve a just result. *Carlson v. Carlson*, 178 Colo. 283, 497 P.2d 1006 (1972). Since the order dividing property cannot stand, the provision for maintenance must also be set aside to permit the trial court to consider both matters in relation to each other upon remand. *In Re Marriage of Femmer*, 39 Colo.App. 277, 568 P.2d 81 (1977).

In view of our conclusion that a new trial must be held respecting both property division and maintenance, we do not reach the additional issues presented by the wife's appeal.

The judgment of the trial court is reversed and the cause is remanded for new trial consistent with the conclusions reached in this opinion.

COYTE and VAN CISE, JJ., concur.