In re the MARRIAGE OF Dorothy PAULSEN, Appellee,

and

William Henry Paulsen, Appellant.

No. 83CA0697.

Colorado Court of Appeals, Div. II.

Feb. 9, 1984.

Johnson & McLachlan, Stanley A. Brinkley, Lamar, for appellee.

Andersen & Gehlhausen, P.C., S. Ford Andersen, Lamar, for appellant.

BABCOCK, Judge.

In this dissolution of marriage action, husband appeals from that portion of the permanent orders pertaining to the division of marital property. We reverse and remand with directions.

The parties had been married 44 years prior to the filing of the petition for dissolution in 1983. The court found that, at the time of the permanent orders hearing, the parties owned the following marital property: The family home valued at $35,000; a 1973 Ranchero automobile worth $500; bank accounts and a certificate of deposit, all in wife's name, valued at $6,300; $3,300 or $3,400 in inventory and fixtures in a thrift store operated by wife in rented

premises; furniture in the home worth $2,000; an El Camino automobile worth $2,500; a bank account in husband's name valued at $7,000; and husband's tools worth $500. The court further found that during 1981 and 1982 husband had sold a number of items of marital property and kept the sale proceeds of $18,600 "for himself." The court determined that wife should be entitled to a "setoff" of $18,600 from the share of property which husband would receive.

Wife was awarded the family home, 1973 Ranchero, her bank accounts and certificate of deposit, the inventory and fixtures from her shop, and the household furniture. Wife was awarded approximately $47,100 in marital property. Husband was charged with the $18,600 to effect the setoff. Husband was awarded the El Camino, his bank account, and his tools, totaling $10,000. "In order to equalize the property being received by the husband," wife was ordered to execute a promissory note for $4,200 payable over six years. The note was to be secured by a first deed of trust on the family home and was to provide that it be considered paid in full if husband should die before full payment of the note. Thus, husband's award totals $32,800 compared with wife's net award of $43,900 ($47,100–$4,200).

On appeal, husband contends that the court abused its discretion by considering the $18,600 sum in making the division of property because consideration of the sum was, in essence, an imputation of marital misconduct by him, which the court may not take into consideration in dividing marital property. *See* § 14–10–113(1), C.R.S. (1983 Cum.Supp.). We do not agree.

 Section 14–10–113(1), C.R.S. (1983 Cum.Supp.), requires the court to divide the marital property after considering "all relevant factors" including those factors enumerated in the statute. Thus, the enumerated factors are not exclusive. Just as a spouse's actions in contribution to and pres-

ervation of the marital estate are relevant factors, *see* § 14–10–113(1)(a), C.R.S.; *In re Marriage of Wildin,* 39 Colo.App. 189, 563 P.2d 384 (1977), so are a spouse's actions in depletion of the marital estate. The statutory language is broad enough to encompass consideration of acts of depletion. Moreover, a contrary interpretation would effectively reward the depleting spouse. Thus, in the exercise of its broad discretion, it was proper for the court to take the $18,600 sum into consideration in dividing the marital property still in existence. *See Carlson v. Carlson,* 178 Colo. 283, 497 P.2d 1006 (1972).

 It is clear from the court's decree that the court intended to effect an equal division of property (including consideration of the $18,600 sum). However, the court's decree fails to accomplish this objective. The difference between the parties' net awards is $11,100 ($43,900–$32,800). Thus, in order to effectuate the trial court's intent to equalize, the decree for division of property must be modified to reflect an additional award of property to husband in the sum of $5,550.

 The court ordered that the promissory note to be executed by wife would be considered paid in full in the event husband died before full payment. The court could not make a portion of husband's share of the marital estate contingent on his remaining alive. *In re Marriage of Reeser,* 635 P.2d 930 (Colo.App.1981). Because the decree must in any event be modified, we direct the trial court to delete this condition from the promissory note.

 Husband also contends that the court erred in admitting a number of exhibits pertaining to transactions occurring in the years preceding the dissolution of the parties' marriage. The court admitted all of the exhibits at one time over husband's objection that they were irrelevant, but the court indicated that some exhibits would not be entitled to much weight. Our re-

view of the exhibits convinces us that some were properly admitted as being relevant for the purpose of showing wife's contribution to and preservation of the marital estate. *See In re Marriage of Wildin, supra.* Other exhibits, while seemingly irrelevant, were of no apparent consequence to the court's order so that any error in the admission of those exhibits was harmless. *See Lloyd A. Fry Roofing Co. v. State,* 179 Colo. 223, 499 P.2d 1176 (1972).

The judgment is reversed and the cause is remanded to the trial court with direction to modify the decree in conformance with this opinion.

BERMAN and KELLY, JJ., concur.