**In re the MARRIAGE OF Linda Cheryl POSINOFF, Appellant,**

**and**

**Mark Allen Posinoff, Appellee.**

**No. 83CA0897.**

Colorado Court of Appeals, Div. I.

May 24, 1984.

Bernard A. Poskus, Grand Junction, for appellant.

No appearance for appellee.

STERNBERG, Judge.

In this action, the trial court entered a decree dissolving the marriage of Linda Cheryl Posinoff (wife) and Mark Allen Posinoff (husband). In addition, orders relating to custody of the parties' minor child, maintenance, child support, property division, and temporary and permanent injunction which restrained the husband from abusing and harassing the wife were entered in July 1983, *nunc pro tunc* March 1983. On appeal by the wife, we reverse and remand for further proceedings.

I.

█ The wife first argues that the trial court erred in awarding custody of the minor child jointly to both parties over her objections. We agree.

*In re Marriage of Lampton*, 677 P.2d 352 (Colo.App.1983) (*cert. granted*, January 16, 1984) is dispositive. There, we held

that an award of joint custody of a child in the absence of an agreement of the parties *a fortiori* is contrary to the best interests of the child and an abuse of discretion. In this case, the wife's need for injunctive relief to protect her from the husband makes the rationale of *Lampton* even more compelling.

Accordingly, we reverse the custody order, and having done so, need not address the wife's other arguments pertaining to the custody issue.

### II.

The wife also contends that the court erred as a matter of law in holding that no distribution could be made of the proceeds of the parties' joint savings account. We agree.

The parties had established a joint bank account. The trial court found that the day after the wife filed criminal charges against the husband following an altercation, the husband withdrew the entire balance of $3,786.26 from the account. The trial court refused to make a distribution of these funds because the wife had not shown that the funds were in the husband's possession on the date the action commenced, and because she had not traced the funds to any asset requested for division by the court.

We agree with the trial court that the husband had an equal right to withdraw the money from the account, and that the withdrawal by one of the authorized owners of the account was not *per se* fraudulent or a theft. Moreover, although the funds in the account were marital property and thus subject to division, § 14–10–113, C.R.S., does not require that marital property be divided equally, *In re Marriage of Wildin*, 39 Colo.App. 189, 563 P.2d 384 (1977), or that a spouse has an absolute entitlement to the division of a particular item of marital property.

However, as the funds withdrawn were marital property, they should have been considered as such in the court's division of the property. Section 14–10–113, C.R.S. Consequently, it was error for the trial court to rule that because the wife could not trace the funds subsequent to their withdrawal, she had failed to establish her right to a property interest in them which existed on the date of the filing of the dissolution action. She was entitled to have the court consider them as a marital asset. *In re Marriage of Wildin, supra.*

The judgment is reversed and the cause is remanded for a new trial. The trial court shall make a current determination with respect to custody in accordance with § 14–10–124, C.R.S. (1983 Cum.Supp.). *See In re Marriage of Lawson*, 44 Colo.App. 105, 608 P.2d 378 (1980). In so doing the trial court is directed to make findings of fact and conclusions of law upon the factors set forth in § 14–10–124, C.R.S. (1983 Cum.Supp.). The court shall also conduct a new hearing to divide the property of the parties at which it shall treat as marital property the bank account, and, because maintenance, child support, and property division are inextricably interwoven, *In re Marriage of Lord*, 626 P.2d 698 (Colo.App. 1980) it shall enter a new order with respect thereto.

PIERCE and BABCOCK, JJ., concur.