25CA0972 Marriage of Lyons 05-21-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0972
Pitkin County District Court No. 22DR30012
Honorable John F. Neiley, Judge

---

In re the Marriage of

Jennifer C. Lyons, n/k/a Jennifer Constable,

Appellee,

and

Michael Lyons,

Appellant.

---

JUDGMENT AFFIRMED IN PART AND REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE MOULTRIE
Dunn and Harris, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 21, 2026

---

Schaffner Law LLC, Jennifer Schaffner, Greenwood Village, Colorado, for
Appellee

Michael Lyons, Pro Se

¶ 1 Michael Lyons (husband) appeals the portions of the permanent orders concerning the district court's division of marital property on the dissolution of his marriage to Jennifer C. Lyons, now known as Jennifer Constable (wife). We affirm in part, reverse in part, and remand the case for further proceedings.

## I. Background

¶ 2 In 2024, the district court dissolved the parties' marriage of approximately seventeen years. Following the court's issuance of the original permanent orders, both parties filed motions for postjudgment relief under C.R.C.P. 59. The court granted parts of the parties' dueling postjudgment motions and issued amended permanent orders.

¶ 3 The marital estate primarily consisted of the marital home, which was worth approximately $443,000 and encumbered by a mortgage with an outstanding balance of $260,000. In the amended permanent orders, the district court allocated the marital home and responsibility for the mortgage to wife. The court ultimately divided the marital estate, which had a total value of approximately $285,000, by allocating sixty percent to wife and forty percent to husband. To achieve that division, which the court

1

found to be equitable, the court ordered wife to pay an "equalization" payment of $95,000 to husband.

## II. Tracing of Wife's Separate Property

¶ 4 Husband first contends that the district court erred by making inconsistent and insufficient findings to support its conclusion that portions of three different retirement accounts were wife's separate property. We disagree.

## A. Applicable Legal Standards

¶ 5 A property division requires two steps: first, the court determines whether an interest constitutes "property" and then, if so, whether it is marital or separate property. *In re Marriage of Balanson*, 25 P.3d 28, 35 (Colo. 2001). The court sets aside the spouses' separate property and then divides the marital property. § 14-10-113(1), C.R.S. 2025.

¶ 6 All property acquired during the marriage is presumed marital. *In re Marriage of Capparelli*, 2024 COA 103M, ¶ 10; § 14-10-113(2), (3). Property acquired before the marriage may be separate. *In re Marriage of Wright*, 2020 COA 11, ¶ 8; § 14-10-113(4). The spouse claiming that property existing at dissolution is separate because it was owned before the marriage

2

has the burden of proof to trace the property back to the original premarital asset. *In re Marriage of Dale*, 87 P.3d 219, 227 (Colo. App. 2003); *see also* § 14-10-113(2)(b) (excluding property that is acquired in exchange for premarital property from division as marital property).

¶ 7 The classification of property as marital or separate is a legal determination based on the district court's factual findings. *Capparelli*, ¶ 8. While we defer to the court's factual findings, we review its legal determinations de novo. *Id.*

¶ 8 When, as here, the district court has granted relief under C.R.C.P. 59, we review that ruling for an abuse of discretion. *Top Rail Ranch Ests., LLC v. Walker*, 2014 COA 9, ¶ 74; *see also* C.R.C.P. 59(f) (permitting the court, "if a ground exists, [to] open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct entry of a new judgment"). A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair. *Top Rail Ranch*, ¶ 74.

## B.    Discussion

¶ 9    In the original permanent orders, the district court found that wife had not demonstrated that she had a separate property interest in her retirement accounts.  But wife's postjudgment motion asserted that the district court erred because she had in fact presented testimony and exhibits on such separate property interests at the permanent orders hearing.

¶ 10    In the amended permanent orders, the district court reversed course and allocated wife parts of three retirement accounts, totaling approximately $28,000, as her separate property.  In doing so, the court initially observed that "the testimony and exhibits [at trial] were so confusing, voluminous, and contradictory, [that] the court ordered the parties to submit a joint property spreadsheet listing all the items that constituted the marital estate and their values, noting where there was agreement and where there was disagreement."  In the resulting spreadsheet, the parties listed wife's separate property interest in each of the three accounts as "disputed."  Even after referencing the spreadsheet, the court still struggled to make sense of the numbers presented in wife's postjudgment motion, stating: "As was the case at trial, none of the

4

numbers add up, the names don't match, and the accounting is opaque."

¶ 11    Yet while the district court expressed frustration that the testimony at trial was "brief and conclusory on the marital versus separate property question," it nevertheless awarded wife portions of the three retirement accounts as her separate property because the court's notes "reflect[ed] that [w]ife did testify that portions of these accounts were her separate property and she made passing reference to her exhibits during the testimony."  Similarly, the court explained that its allocation of separate property to wife was "consistent with the court's notes from trial."

¶ 12    While husband asserts that the district court's findings were contradictory and otherwise insufficient, given the state of the appellate record, we disagree.

¶ 13    Specifically, our review of husband's contentions is severely hampered by the lack of the permanent orders hearing transcript. As the appellant, it was husband's responsibility to designate the record and to ensure that all items designated were transmitted to the appellate court.  *In re Marriage of Tagen*, 62 P.3d 1092, 1096 (Colo. App. 2002).  Therefore, husband was required to "include in

the record transcripts of all proceedings necessary for considering and deciding the issues on appeal." C.A.R. 10(d)(3). Where an appellant fails to include the necessary portions of the record, we must presume that the missing record supports the judgment. *See In re Marriage of Dean*, 2017 COA 51, ¶¶ 13, 15 (an appellate court can't conclude that the district court's judgment is erroneous when the record is insufficient).

¶ 14 While husband asserts that the district court's findings were otherwise so inconsistent as to warrant reversal, we are not persuaded. Although the court initially concluded that wife's accounting of her separate property claims was "opaque," it ultimately found that her claims regarding the three retirement accounts were sufficiently supported by her testimony at the permanent orders hearing. And because we lack a transcript of that hearing, we are unable to review whether wife's testimony in fact supported the district court's conclusion and, accordingly, we are unable to review whether the court abused its discretion by amending the original permanent orders. Thus, we must presume that the missing record supports the judgment, and we decline to

disturb the court's findings that three of wife's retirement accounts were her separate property. *See id.* at ¶ 15.

### III. Overall Property Division

¶ 15    Husband next contends that the district court abused its discretion by implementing a disproportionate property division and by failing to make adequate findings in support of that property division, including findings as to other separate property owned by wife. Because we agree that the court failed to consider wife's separate property, we conclude that further proceedings are necessary.

### A. Applicable Legal Standards

¶ 16    The district court has great latitude to equitably divide the marital estate based on the facts and circumstances of the case. *See LaFleur v. Pyfer*, 2021 CO 3, ¶ 61. Although the marital division must be equitable, it need not be equal. *See In re Marriage of Burford*, 26 P.3d 550, 556 (Colo. App. 2001).

¶ 17    To achieve an equitable division, the court must consider the relevant factors under section 14-10-113(1). Such factors include, but are not limited to, each spouse's contribution to the acquisition of marital property; the value of property set aside to each spouse;

and the spouses' respective economic circumstances. *Id.*; *In re Marriage of Paulsen*, 677 P.2d 1389, 1390 (Colo. App. 1984). A spouse's economic circumstances may include the value of that spouse's separate property. *Balanson*, 25 P.3d at 38.

¶ 18 Weighing the factors under section 14-10-113(1) is within the district court's sound discretion, and the court need not make specific findings on each factor if its findings indicate what evidence it found persuasive. *In re Marriage of Powell*, 220 P.3d 952, 959 (Colo. App. 2009); *see also In re Marriage of Gibbs*, 2019 COA 104, ¶ 9 (recognizing that the court must make findings of fact and conclusions of law sufficiently explicit to give an appellate court a clear understanding of the basis of its order). We may not disturb the district court's decision absent a clear abuse of discretion. *LaFleur*, ¶ 61.

### B. Discussion

¶ 19 In the amended permanent orders, the district court acknowledged that the marital property division was disproportionate, with husband receiving forty percent of the parties' net assets and wife receiving sixty percent, after factoring in the "equalization" payment. Yet, the court found the property

division to be equitable because wife assumed approximately eighty percent of the parties' debt, which included a $260,000 mortgage and over $90,000 in other unsecured debt.

¶ 20 The district court also appears to have weighed the benefits of wife staying in the marital home, which constituted the bulk of the marital estate, when crafting the property division. For instance, the court found that wife had historically been the primary caregiver for the parties' children; it would be in the children's best interests to remain in the Aspen area where the parties presently lived; and if both parties continued to reside in the Aspen area, then a 50/50 parenting plan would be practical. Similarly, the court found that wife credibly testified that without the marital home, which was part of Aspen's affordable housing program, she "ha[d] no other place to live that would allow her to remain in the Aspen area and facilitate the parenting time with [h]usband and [the] children." Lastly, the district court considered that, of the two parties, only wife credibly testified that she would be able to refinance and retain the home.

¶ 21 Although the district court identified some of the factors that it found persuasive when crafting the disproportionate property

9

division, *see Powell,* 220 P.3d at 959, and nothing required the property division to necessarily be equal, *see Burford,* 26 P.3d 550 at 556, we agree with husband that the court failed to consider the parties' respective economic circumstances. § 14-10-113(1)(c). In particular, it was undisputed that wife had over $500,000 of separate property consisting of an inherited IRA account and other assets. Husband cited wife's significant separate property as a relevant factor for the court to consider in the parties' joint trial management certificate, and the parties listed said separate property — without any indication that the figures were disputed — on their joint property spreadsheet that was furnished to the court following the permanent orders hearing.

¶ 22     Yet, despite the parties' agreement that wife had over $500,000 in separate property, we see no indication that the district court considered wife's separate property when determining an equitable division of the marital estate. While the court did not need to make findings on every statutory factor under section 14-10-113(1), *see Powell,* 220 P.3d at 959, given that wife's separate property was worth approximately twice the value of the marital estate, we conclude that the court's failure to consider that

separate property was nevertheless an abuse of discretion. *See*
*Balanson*, 25 P.3d at 38 (requiring a district court to make findings
as to how it considered separate property as an economic
circumstance when dividing a marital estate).

¶ 23 In sum, because there is no indication that the district court
considered wife's substantial separate property when crafting the
marital property division, *see id.*, we reverse the property division
and remand for additional findings and the district court's
reconsideration.

¶ 24 On remand, the district court may take additional evidence as
it deems necessary to facilitate its additional findings. *In re*
*Marriage of Lee*, 781 P.2d 102, 104 (Colo. App. 1989). However, the
court may not revalue or recharacterize the marital property or
debts accounted for in the existing property division. *See*
§ 14-10-113(5); *In re Marriage of Medeiros*, 2023 COA 42M, ¶ 25.
The court must also give the parties an opportunity to present any
new evidence concerning their current economic circumstances.
§ 14-10-113(1)(c) (the district court considers the parties' economic
circumstances at the time the property division "is to become
effective"); *Powell*, 220 P.3d at 961 (requiring the district court to

consider the parties' financial circumstances at the time of remand when reconsidering a property division).

¶ 25 On remand, the court may adjust the property division as is necessary to achieve an equitable result in light of its additional findings and the parties' current economic circumstances. *See Medeiros*, ¶ 25. The court should make specific findings of fact to support its determinations. *Gibbs*, ¶ 9.

## IV. Disposition

¶ 26 Those portions of the judgment concerning the marital property division are reversed, and the case is remanded for further proceedings consistent with this opinion. Those portions of the judgment not challenged on appeal remain undisturbed.

JUDGE DUNN and JUDGE HARRIS concur.