**In re the MARRIAGE OF Emogene M. ROGERS, Appellee,**

**and**

**George B. Rogers, Appellant.**

**No. 84CA0667.**

Colorado Court of Appeals, Div. II.

Oct. 3, 1985.

---

Sidney H. Tellis, Denver, for appellee.

Stephen H. Diamond, Denver, for appellant.

METZGER, Judge.

In this dissolution of marriage action, George Rogers (husband) appeals those portions of the permanent orders relative to maintenance and division of property. We set aside the order and remand the cause for a new trial.

The parties were married for seven years. Husband was a chemist at Rocky Mountain Arsenal and was also employed part-time by Maintenance Unlimited. From these jobs he had a gross monthly income of $2,724.18. Wife, who had installed a small beauty shop in the family residence, worked as a beautician and had a gross monthly income of $950.

The major assets were the family residence, which the wife testified was worth around $70,000 and the husband testified was worth around $80,000, and husband's vested pension plan which he valued at $14,000. The family residence was encumbered by a first mortgage in the amount of $36,761.79 and a second mortgage in the amount of $19,486.18.

The trial court found the value of the family home to be $70,000 and awarded it to wife. It also awarded her maintenance of $300 per month and $600 toward her attorney fees. The trial court then awarded husband his pension plan which was found to be marital property.

Husband contends that the trial court erred in considering the entire value of the pension plan to be marital property in that it had been accumulated over a period of 28 years and the parties had only been married seven years. We agree.

The purpose of the division of marital property is to allocate to each spouse that which belongs to him or her. *In re Marriage of Woodrum*, 618 P.2d 732 (Colo. App.1980). Section 14–10–113, C.R.S., requires that the trial court first distinguish between "marital property" and "separate property." The trial court must then divide the marital property in such proportions as it deems just.

Husband admits that the amount accumulated in the pension plan during the marriage should be considered "marital property," as defined in § 14–10–113(2), C.R.S. However, husband contends, and we agree, that the amount accumulated in the pension fund prior to the marriage should be considered "separate property" as defined in § 14–10–113(4), C.R.S. *Cf. In re Marriage of Mitchell*, 195 Colo. 399, 579 P.2d 613 (1978). Therefore, we reverse the property division order and remand the matter for a new trial, including a determination of the portion of husband's pension

plan which is marital property and the portion which is separate property.

Maintenance and property division must be considered together in a dissolution proceeding. Since the property division order has been set aside, the provision for maintenance must also be set aside so that the trial court may consider both matters in relation to each other upon remand. *See In re Marriage of Lord,* 626 P.2d 698 (Colo.App.1980).

The judgment is reversed as to the award of maintenance and division of property and the cause is remanded for a new trial. The maintenance order shall remain in effect pending the outcome of that proceeding.

BERMAN and TURSI, JJ., concur.