In re the MARRIAGE OF Evelyn NEVIL, Appellee,

and

**Frank Nevil, Appellant.**

**No. 89CA1868.**

Colorado Court of Appeals, Div. V.

March 28, 1991.

Theodore A. Borrillo, Denver, for appellee.

Law Office of Larry M. Leach, Larry M. Leach, Sheryl L. Tucker, Denver, for appellant.

Opinion by Judge HUME.

In this dissolution of marriage action, Frank Nevil, husband, appeals the award of maintenance to Evelyn Nevil, wife. Husband contends that the trial court erred in awarding maintenance because his income consists of monthly payments derived from his Veteran's Administration Disability Pension and Civil Service Retirement Pension, both of which were earned prior to this twelve-year marriage. He also argues that an award of maintenance which is payable from these sources indirectly divides his disability pension, contrary to federal law preempting this issue. We affirm.

Prior to our supreme court's decision in *In re Marriage of Gallo*, 752 P.2d 47 (Colo.1988), Colorado appellate decisions adhered to the principle that military pensions were not considered marital property. *See Ellis v. Ellis*, 191 Colo. 317, 552 P.2d 506 (1976). Nevertheless, even prior to *In re Marriage of Gallo, supra*, military retirement pay constituted a source of income that could be properly considered in fixing the amount of maintenance and child support. *See In re Marriage of Grubb*, 721 P.2d 1194 (Colo.App.1986), *rev'd on other grounds*, 745 P.2d 661 (Colo.1987); *In re Marriage of Ellis*, 36 Colo.App. 234, 538 P.2d 1347 (1975), *aff'd, Ellis v. Ellis, supra*. Therefore, husband's argument that his disability pay may not be considered in determining his ability to pay maintenance is without merit. *See also In re Marriage of Fain*, 794 P.2d 1086 (Colo. App.1990).

The federal law relied upon by husband is limited to a consideration of the treatment of military disability as marital property, rather than as a resource to be considered in determining the propriety and amount of an award of spousal maintenance, and therefore, it is inapplicable to the issues presented here. In addition, because of the qualitative difference between a maintenance award and a division of property, we are not persuaded by husband's argument that by awarding maintenance to wife, the court is indirectly accomplishing what it may not do directly.

Awards of maintenance and modifications thereof must be based upon the parties' needs and their circumstances at the time of the hearing rather than upon their past or future conditions. *See In re Marriage of Ward*, 717 P.2d 513 (Colo.App. 1985). The parties' present financial situation and ability to earn, rather than considerations of the historical derivation of such situation or ability, are the controlling factors in determining maintenance issues.

Wife seeks attorney fees and costs expended in defending this appeal. Costs are to be awarded in accordance with C.A.R. 39(a). Inasmuch as we do not find the appeal frivolous, wife's request for any further award is denied pursuant to C.A.R. 38(d). Her request for attorney fees on appeal may, however, be considered by the trial court upon proper application pursuant to § 14–10–119, C.R.S. (1987 Repl.Vol. 6B). *See In re Marriage of Meisner*, 715 P.2d 1273 (Colo.App.1985).

Order affirmed.

PLANK and NEY, JJ., concur.