**In re the MARRIAGE OF Minerva Maria SMITH, Appellee,**

**and**

**Bruce Leslie Smith, Appellant.**

**No. 90CA0486.**

Colorado Court of Appeals,
Div. II.

Aug. 29, 1991.

White & Pickard, Joe Pickard, Doris A. Waters, Denver, for appellee.

Moyer, Beal & Vranesic, John R. Vranesic, Lakewood, for appellant.

Opinion by Judge SMITH.

This case presents a question of first impression in Colorado: Whether an unliquidated workers' compensation claim is marital property subject to distribution upon dissolution. The trial court ruled that since the husband's entitlement to workers' compensation benefits arose as a result of his employment during marriage, the claim is divisible as marital property. We reverse.

The dispositive facts are not in dispute. In July 1987, after 15 years of marriage, the marriage of Minerva M. Smith and Bruce L. Smith was dissolved. At the time of permanent orders, the husband was unemployed and receiving $800 per month in temporary total disability benefits for an industrial injury sustained in 1981. The husband's entitlement to permanent disability benefits under the Colorado Workers' Compensation Act, § 8–42–110 or § 8–42–111, C.R.S. (1990 Cum.Supp.), had not then been determined.

In addition to workers' compensation benefits, husband was receiving $758 per month in veterans disability benefits for military injuries sustained prior to the parties' marriage and $479 per month in social security disability benefits.

In classifying the husband's pending claim for permanent disability benefits as a marital asset, the trial court analogized the claim to a vested retirement pension, such as was at issue in *In re Marriage of Grubb*, 745 P.2d 661 (Colo.1987). The court reasoned that since the claim *accrued*, or vested, during the parties' marriage, the claim is divisible as marital property. The court awarded the wife thirty-five percent of any permanent disability benefits payable under the claim. The court also granted the wife $500 per month in maintenance until such time as the permanent disability award is determined, at which time the court intended to reevaluate the wife's qualification for spousal maintenance under § 14–10–114(1), C.R.S. (1987 Repl. Vol. 6B).

Husband contends that the trial court's reliance upon *In re Marriage of Grubb, supra,* is misplaced. He argues that workers' compensation benefits are distinguishable from retirement benefits, particularly insofar as workers' compensation benefits indemnify a person for future loss of earning capacity. We agree.

In *In re Marriage of Grubb, supra,* our supreme court cautioned that: "[A] rule directed to the disposition of property in a dissolution proceeding can only be as sound as the economic reality which it attempts to service."

We find that caveat instructive in distinguishing between a retirement pen-

sion and workers' compensation benefits. A retirement pension constitutes *deferred compensation* for past services rendered, and to the extent that a pension is attributable to employment during marriage, it is properly includable in the marital estate. *See In re Marriage of Beckman,* 800 P.2d 1376 (Colo.App.1990).

Workers' compensation benefits, however, indemnify an employee for loss of earnings, future diminished earning capacity, and medical expenses arising out of an occupational injury or disease. *See Allee v. Contractors, Inc.,* 783 P.2d 273 (Colo.1989).

Although the issue of whether workers' compensation benefits constitute marital property is a matter of first impression in Colorado, it has been litigated extensively in other jurisdictions. The majority view is that benefits awarded prior to a dissolution for a compensable injury occurring during the marriage are marital property. *See, e.g., Queen v. Queen,* 308 Md. 574, 521 A.2d 320 (Md.1987). However, if the benefits extend beyond the dissolution of marriage or a lump sum award is made after dissolution, courts have reached varying results depending upon their characterization of the benefits in question and their state's marital property law. *See 2 Valuation & Distribution of Marital Property* 23–128 (J.P. McCahey ed.1991).

Under a "mechanistic approach," benefits are classified based solely on the timing of the work-related accident: If the compensable injury occurred during marriage, the workers' compensation award is marital property in its entirety. *See Goode v. Goode,* 286 Ark. 463, 692 S.W.2d 757 (1985); *In re Marriage of Dettore,* 86 Ill. App.3d 540, 42 Ill.Dec. 51, 408 N.E.2d 429 (1980); *Orszula v. Orszula,* 292 S.C. 264, 356 S.E.2d 114 (1987).

However, under an "analytical approach," the classification turns on the elements of damages that the particular award is intended to remedy. Under this approach, a workers' compensation award is marital property only to the extent that it compensates the recipient for lost marital wages, or for medical care and other related expenses incurred during marriage. *See Miller v. Miller,* 739 P.2d 163 (Alaska 1987); *Weisfeld v. Weisfeld,* 513 So.2d 1278 (Fla.Dist.Ct.App.1987), *aff'd,* 545 So.2d 1341 (Fla.1989); *Dees v. Dees,* 259 Ga. 177, 377 S.E.2d 845 (1989); *Pauley v. Pauley,* 771 S.W.2d 105 (Mo.App.1989).

We believe the analytical approach is more consonant with our supreme court's directive in both *In re Marriage of Grubb, supra,* and *In re Marriage of Gallo,* 752 P.2d 47 (Colo.1988) to classify property realistically based on the nature of the asset in question.

We acknowledge that our court has held that personal injury awards for injuries sustained during marriage are considered as marital property. *See, e.g., In re Marriage of Fields,* 779 P.2d 1371 (Colo.App. 1989). However, in our view, this rule is not dispositive on the question of the proper classification of workers' compensation benefits.

■■■ The Colorado Workers' Compensation Act, § 8–40–101, et seq., C.R.S. (1990 Cum.Supp.), constitutes an injured employee's exclusive remedy against the employer for employment-related injuries, *Curtiss v. GSX Corp.,* 774 P.2d 873 (Colo.1989), and compensation benefits do not include recovery for pain, suffering, or monetary loss based upon any fault of the employer. *See Kennedy v. Industrial Commission,* 735 P.2d 891 (Colo.App.1986); *Littleton v. Schum,* 38 Colo.App. 122, 553 P.2d 399 (1976).

In addition, § 8–42–124(1), C.R.S. (1990 Cum.Supp.) of the Workers' Compensation Act provides that:

"Except for amounts due under court-ordered support, claims for compensation or benefits ... shall not be assigned, released, or commuted except as provided in said articles and shall be exempt

from all claims of creditors and from levy, execution, and attachment or other remedy or recovery or collection of a debt, which exemption may not be waived."

This statute reflects a legislative intent to ensure that workers' compensation benefits are available as a *wage* substitute to the injured employee. This legislative policy would be contravened by a judicial holding that workers' compensation awards are marital property to be divided upon dissolution irrespective of whether the award compensates for an injured spouse's diminished earning capacity during marriage or after dissolution.

Under our Workers' Compensation Act, injuries are classified as either partially or totally disabling and as either temporary or permanent in nature. Temporary disability benefits, whether total or partial, compensate an employee for loss of earnings from the date of injury, *Eastman Kodak Co. v. Industrial Commission,* 725 P.2d 107 (Colo.App.1986), until such time as the employee's underlying condition has stabilized or the employee has commenced vocational rehabilitation. *See Allee v. Contractors, Inc., supra.*

Permanent disability benefits, on the other hand, compensate for an employee's diminution of future earning capacity as a result of a job related physical or mental impairment. *See Vail Associates, Inc. v. West,* 661 P.2d 1187 (Colo.App.1982), *aff'd,* 692 P.2d 1111 (Colo.1984); *Casa Bonita Restaurant v. Industrial Commission,* 624 P.2d 1340 (Colo.App.1981).

■ Accordingly, the dispositive question in determining whether workers' compensation benefits are marital property is the extent to which the award compensates for loss of earning capacity and medical expenses incurred during marriage. To the extent that an award compensates the spouse for post-dissolution loss of earning capacity, it is not marital property even if the compensable injury occurred during the marriage.

■ In the event that a spouse's unliquidated workers' compensation claim is pending on the date of dissolution and will likely include indemnification for loss of marital earnings or medical expenses, the trial court may reserve jurisdiction to apportion the marital interest upon receipt of the award. *See In re Marriage of Gallo, supra.*

■ In this case, the husband was still receiving temporary disability benefits on the date of dissolution, and the extent of his permanent disability, if any, had not been established. There was no evidence that any loss of marital earnings or medical expenses remained outstanding. Thus, since a permanent disability award compensates for future loss of earning capacity, the husband's pending claim for permanent disability benefits was not a marital asset, and the trial court erred in apportioning part of it to the wife.

■ We note, however, that husband's future workers' compensation wage replacement benefits, both temporary and permanent, could be considered by the court in determining the husband's ability to pay maintenance and child support. *See* § 14–10–114(2)(f), C.R.S. (1987 Repl.Vol. 6B); § 14–10–115(7)(a), C.R.S. (1990 Cum. Supp.); *In re Marriage of Nevil,* 809 P.2d 1122 (Colo.App.1991).

Since the property distribution has been set aside, the maintenance order must also be set aside and the cause remanded for reconsideration of that issue. *See In re Marriage of Rogers,* 709 P.2d 1383 (Colo. App.1985).

That part of the judgment apportioning the husband's permanent disability claim and awarding maintenance is reversed, and the cause is remanded for reconsideration of maintenance. The existing maintenance order shall remain in effect pending the

 

outcome of that proceeding. Since no hearing on reasonableness was held, the attorney's fee order is likewise reversed, and upon remand, the trial court is directed to conduct such a hearing. The remainder of the judgment is affirmed.

REED and ENOCH,* JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo.Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).