In re the MARRIAGE OF Vincent S. FRANZ, Appellant,

and

Barbara A. Franz, Appellee.

No. 91CA0116.

Colorado Court of Appeals, Div. IV.

April 23, 1992.

Randolph A. Sigley, Colorado Springs, for appellant.

**918**

Wilder, Wells & Larimer, P.C., Louie V. Larimer, Colorado Springs, for appellee.

Opinion by Judge NEY..

In this dissolution of marriage action, Vincent S. Franz (husband) appeals a post-decree judgment and order awarding part of his veteran's pay to Barbara A. Franz (wife). We reverse and remand.

When the parties' marriage was dissolved in 1988, husband was on temporary disability retirement from the military. The final orders provided that "if [husband] should, in the future, receive a retirement pay that would be marital property," it would be divided according to a formula. That formula, as applicable here, provides:

> If [husband] later receives regular retired or medical pay based upon the current number of years he has as of the date of this hearing, then [wife] would be awarded fifty (50) percent of that retired pay.

Wife was awarded $511 per month child support, and the trial court reserved jurisdiction to award maintenance because wife needed support but husband was then unable to pay.

In 1990, wife moved for maintenance, increased child support, and division of husband's military "pension." At the hearing, husband testified that he was "medically retired" and since August 1989 had received $790 per month, including $280 in Veteran's Administration disability benefits. Documents and interrogatory responses admitted in evidence indicated that he was separated from the military because of "major depression, moderate, recurrent, in partial remission on medications associated with dysthymia, with definite social and industrial impairment", and on "permanent retirement with a compensable disability rating of 30 percent." An admitted account statement showed that husband received a total of $790 per month, including VA compensation of $267 and "net pay" or "taxable income" of $523.

The trial court awarded wife $255 per month of husband's "retirement pay" as a division of marital property and entered judgment for $3315 for past months. The trial court increased child support to $605 per month, but found that husband still had no ability to pay maintenance. Husband filed a motion for reconsideration, asserting as he did at trial that his retirement income was disability pay not subject to property division. The trial court denied the motion.

On appeal, husband contends that the trial court erred in awarding part of his disability pay to wife. We agree.

■ The classification of property as marital or non-marital is a mandatory legal determination, and only that property which is marital in character is subject to distribution. Section 14–10–113(1), C.R.S. (1987 Repl.Vol. 6B); *In re Marriage of Wildin*, 39 Colo.App. 189, 563 P.2d 384 (1977).

■ The court may treat a veteran's "disposable retired or retainer pay" as marital property. 10 U.S.C. § 1408(c)(1) (1988). In the case of a veteran retired for a physical disability under 10 U.S.C. §§ 1201–1221 (1988), disposable pay does not include amounts "computed using the percentage of the member's disability on the date when the member was retired (or the date on which the member's name was placed on the temporary disability retired list)." 10 U.S.C. § 1408(a)(4)(E) (1988). The court is thus precluded from dividing a veteran's disability retirement pay as marital property. *See Mansell v. Mansell*, 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989); *see also In re Marriage of Nevil*, 809 P.2d 1122 (Colo.App.1991).

■ Here, the trial court excluded husband's Veteran's Administration disability benefit from the property division but did not determine properly whether the remainder of his benefit pay was marital property. The uncontradicted evidence at trial was that husband was retired with a thirty percent disability after eight years' service. However, the trial court found that he had taxable income of $510 per month available for division, without first considering the basis and computation of husband's benefit pay as required under 10 U.S.C. § 1408(a)(4)(E) (1988).

We are not persuaded by wife's argument that the final orders divide any disability pay as "medical pay." While it is true that the formula divides "regular retired or medical pay," application of that formula must be preceded by the threshold determination that husband receives "a retirement pay that would be marital property." *See In re Marriage of Wildin, supra.*

On remand, the trial court is directed to determine whether husband's pay is marital property subject to division under 10 U.S.C. § 1408 (1988). In so doing, the trial court must consider whether the pay is based and computed on husband's disability. The trial court may exercise its discretion in receiving additional evidence. *See In re Marriage of Lee,* 781 P.2d 102 (Colo. App.1989).

 Because issues of property, maintenance, and child support are inextricably interwoven, the orders denying maintenance and increasing child support must also be reversed and reconsidered on remand. *See In re Marriage of Micaletti,* 796 P.2d 54 (Colo.App.1990). In this regard, we note that disability payments are an economic circumstance to be considered in addition to earned income when awarding maintenance and child support. *See In re Marriage of Nevil, supra.*

The judgment and order as to property division, maintenance, and child support are reversed, and the cause is remanded for further proceedings and entry of a new order consistent with the views expressed in this opinion. The current order for $605 per month child support shall remain in effect until the new order is entered. If any overpayment results by husband's payment in accordance with the current order, he shall receive credit therefor in future payments.

CRISWELL and MARQUEZ, JJ., concur.