In re the MARRIAGE OF Karin J. SIMON, Appellant and Cross–Appellee,

and

Ned A. Simon, Appellee and Cross–Appellant.

No. 92CA0534.

Colorado Court of Appeals, Div. II.

May 6, 1993.

Rehearing Denied June 10, 1993.

Steven M. Segall, Lakewood, for appellant and cross-appellee.

Plaut & Lipstein, P.C., Frank Plaut, Lakewood, for appellee and cross-appellant.

Opinion by Judge HUME.

In this dissolution of marriage action, Karin J. Simon (wife) appeals the permanent orders for property division, maintenance, and attorney fees. Ned A. Simon (husband) cross-appeals the orders for property division. We reverse and remand.

The parties were married in 1969. Wife was a homemaker, raised the parties' two children, and was not employed outside the home during the marriage. Husband, who worked as an accountant, was permanently disabled in a 1981 automobile accident and subsequently terminated his employment.

Husband sought damages in tort for his injuries and wife sued for loss of consortium resulting from the 1981 accident. The claims were settled by agreement, and the parties received cash payments and a structured settlement. The structured settlement provided specified annual payments until 1997, as well as an annuity paying $6000 per month for a minimum of 15 years and as long as either party lives.

The parties' marriage was dissolved in 1991, when both were 45 years old. The trial court found that they then had four categories of marital property: (I) assets not acquired with the settlement proceeds, valued at $287,267; (II) assets that may or may not have been acquired with those proceeds, valued at $118,751; (III) investments of those proceeds, totalling $690,205; and (IV) the annuity with a present value of $922,071 and the annual payments therefrom with a present value of $104,847.

The court awarded each party 50% of the property in categories I and II and also awarded husband 90% and wife 10% of the property in categories III and IV, all without specifying which party would receive which assets. The court also awarded wife $600 per month maintenance, custody of the two children, then ages 19 and 16, and $1000 per month child support. Her request for an award of attorney fees was denied.

## A. Property

### 1. Division

■ We agree with husband's contention on cross-appeal that the trial court erred in failing to order a division of the marital property.

■ Under § 14–10–113(1), C.R.S. (1987 Repl.Vol. 6B), the trial court is required to divide the marital property. The property division is effective if it gives each party a definable or ascertainable portion of at least some of the attributes of ownership and the mechanics of any fractional division can be accomplished within a reasonable time. *In re Marriage of Gehret*, 41 Colo.App. 162, 580 P.2d 1275 (1978). It is generally improper to continue a joint or common tenancy between the parties, as contrary to the public policy of discouraging continued litigation and ongoing financial interaction between divorced spouses. *See In re Marriage of Paul*, 821 P.2d 925 (Colo.App.1991).

Here, the trial court awarded each party a percentage of all the marital assets, which included real and personal property, a partnership interest, and various accounts and investments. That order effectively continued the parties' joint ownership.

We conclude that a more definite order is required to divide the assets in categories I, II, and III between the parties. The category IV assets, the annuity and the annual payments, may be divided on a present value, percentage, or other equitable basis, with appropriate implementing orders. *See In re Marriage of Gallo,* 752 P.2d 47 (Colo.1988).

As husband points out, the additional orders should also clarify the disposition of payments which may be received after the death of one of the parties, but the court is not bound by either party's proposal in that regard. And, it may consider the parties' respective economic circumstances at the time of any hearing on remand for the purpose of equitably dividing the property. *See In re Marriage of Wells,* 850 P.2d 694 (Colo.1993).

### 2. Disproportionate Award

■ Wife contends that the trial court abused its discretion in distributing the category III and IV assets 90% to husband and 10% to her. We agree that the division should be reconsidered on remand.

■ Pursuant to § 14–10–113, C.R.S. (1987 Repl.Vol. 6B), the trial court has broad discretion in the division of property. *In re Marriage of Faulkner,* 652 P.2d 572 (Colo.1982). The division must be equitable, but need not be equal. *See In re Marriage of Sorensen,* 679 P.2d 612 (Colo. App.1984).

The assets resulting from the personal injury settlement are marital property subject to equitable division under the statute. In dividing those assets,

> the trial court should consider the actual effect that the personal injury had on the marital estate. Among the factors that could affect the marital estate are items such as lost income, medical expenses, and inability to meet marital obligations such as maintenance and child support. This list is not meant to be all-inclusive of the factors to be considered as other items might be relevant in different circumstances.

*In re Marriage of Fields,* 779 P.2d 1371, 1374 (Colo.App.1989).

Here, the trial court stated that in dividing the property it had considered all the relevant circumstances, but in deciding the parties' percentage shares of the category III and IV assets, it expressly relied on an attorney's testimony as to how much of the settlement each party "earned." Following the directions of *In re Marriage of Fields, supra,* exclusive reliance on that factor was not a proper approach to equitable division.

However, a division taking into account husband's physical condition and related expenses is certainly appropriate in this case, so that, while an award more favorable to wife than that made here would be permissible, a disproportionate award would also be within the court's broad discretion.

### 3. Structured Settlement Agreement

■ We find no merit in wife's contention that the court should have enforced the structured settlement as a "valid agreement of the parties" which excluded the category III and IV assets from the marital estate under § 14–10–113(2)(d), C.R.S. (1987 Repl. Vol. 6B). Wife admits that statute does not apply to the structured settlement. Further, the settlement did not address the characterization of the proceeds as marital or separate for the purposes of the statute.

■ Wife also contends that the court should have given effect to the survivorship clause of the structured settlement. We disagree. The settlement proceeds are marital property subject to equitable division by the trial court, "regardless of whether title is held individually or by the spouses in some form of coownership...." Section 14–10–113(3), C.R.S. (1987 Repl.Vol. 6B).

### 4. Disability Income

Wife next contends that the trial court should have considered husband's disability income as marital property. We agree in part.

■ Generally, a spouse's post-dissolution earnings are not marital property, so that benefits compensating for loss of those earnings are not subject to division. *In re Marriage of Smith*, 817 P.2d 641 (Colo.App.1991) (workers' compensation benefits for future lost earnings not marital property); *see In re Marriage of Nevil*, 809 P.2d 1122 (Colo.App.1991) (Veterans Administration disability pension is not considered property).

■ Here, however, husband also receives proceeds from a private disability insurance policy acquired with marital funds during the marriage. Therefore, we conclude that such private insurance is not excluded from the statutory definition of marital property and, thus, is subject to division. *See* § 14–10–113, C.R.S. (1987 Repl.Vol. 6B); *In re Marriage of Smith*, 84 Ill.App.3d 446, 39 Ill.Dec. 905, 405 N.E.2d 884 (1980); *Gnerlich v. Gnerlich*, 538 N.E.2d 285 (Ind.Ct.App.1989); *Kruger v. Kruger*, 73 N.J. 464, 375 A.2d 659 (1977). *Cf. Sherman v. Sherman*, 740 S.W.2d 203 (Mo.Ct.App.1987); *Ciliberti v. Ciliberti*, 374 Pa.Super. 228, 542 A.2d 580 (1988).

■ That analysis does not extend to husband's Social Security disability payments which are provided under federal law. *See In re Marriage of Smith*, 817 P.2d 641 (Colo.App.1991); *In re Marriage of Nevil, supra.* However, we agree with wife that those payments may be an "economic circumstance" to be considered by the court in arriving at an equitable property distribution, *see* § 14–10–113(1)(c), C.R.S. (1987 Repl.Vol. 6B), and they are income for the purpose of determining maintenance and child support. *See In re Marriage of Nevil, supra.*

### 5. Annual Payment for Children's Education

■ Wife also contends that the trial court abused its discretion by failing to award her, as custodial parent, one of the annual payments which had been contemplated by the parties to be used for the children's education expenses. Such an award would have been improper. *See In re Marriage of Sewell*, 817 P.2d 594 (Colo.

App.1991). The parties' obligations for postsecondary education expenses may be established, as appropriate, under § 14–10–115(1.5), C.R.S. (1992 Cum.Supp.).

Because we reverse for an actual division of the property and for reconsideration of the division of the category III and IV assets, on remand the trial court may reconsider and adjust the division as a whole as necessary to reach an equitable result.

### B. Maintenance

■ Wife contends that, in awarding her $600 per month maintenance, the trial court failed to give the proper weight to the parties' reasonable expectations, intentions, standard of living, and financial resources. The matter of maintenance, being inextricably intertwined with the property division, must also be reconsidered on remand in light of the revised property division. *See In re Marriage of Jones*, 627 P.2d 248 (Colo.1981). Thus, to the extent wife's contention may arise on remand, we address it here.

■ Awards of maintenance must be based upon the parties' needs and circumstances at the time of the hearing, rather than upon their past or future conditions. The parties' present financial situation and ability to earn, rather than considerations of the historical derivation of such situation or ability are the controlling factors in determining maintenance. *In re Marriage of Nevil, supra.*

■ Here, the amount of maintenance awarded was not based on the parties' current needs and resources. Rather, the court concluded that "the only reasonable economic expectation the wife could have had would have been a reliance on her appropriate proportional share of the monthly guaranteed settlement payments." The court then applied the same 10% factor used in dividing the settlement proceeds to determine the amount of maintenance. That calculation did not take into account the parties' current reasonable expenses or the extent to which their financial resources, including disability income, medical insurance, and other sources, may be

adequate to meet both parties' needs. Accordingly, the trial court is directed to reconsider the amount of maintenance to be awarded to wife.

### C. Attorney Fees

Wife finally contends that the trial court erred in failing to award her attorney fees. Because the property and maintenance awards have been reopened, the request for fees under § 14–10–119, C.R.S. (1987 Repl.Vol. 6B), must be reconsidered as well. *See In re Marriage of Jones, supra.*

The judgment is reversed, and the cause is remanded for further proceedings and new orders for property division, maintenance, and attorney fees, consistent with the views expressed in this opinion. Until the new orders are entered, the existing orders shall remain in effect.

TURSI and TAUBMAN, JJ., concur.