**In re the MARRIAGE OF Cynthia J. PETERSON, Appellee,**

and

**Gary J. Peterson, Appellant.**

**No. 93CA0201.**

Colorado Court of Appeals, Div. VI.

Feb. 10, 1994.

Mitchell & Howell, P.C., Michael T. Mitchell, Parker, for appellee.

Litvak and Litvak, P.C., Ronald D. Litvak, Denver, for appellant.

Opinion by Judge VAN CISE.*

In this dissolution of marriage action, the question is whether police disability pension payments are marital property subject to distribution. The trial court ruled that the payments were in essence retirement benefits and therefore marital property. We reverse and remand.

Gary J. Peterson (husband) and Cynthia J. Peterson (wife) were married in 1970. In 1973 husband began his employment with the Aurora Police Department. Part of his monthly salary was paid into a fund which provides both disability and retirement benefits to Aurora police officers and their dependents. That fund was created under § 31–30–601, et seq., and § 31–30–1001, et seq., C.R.S. (1986 Repl.Vol. 12B).

In 1975, husband became aware of physical symptoms that were eventually diagnosed as a brain tumor. He was retired from the

police department in 1979 with a permanent disability. When the parties' marriage was dissolved in 1992, he was receiving about $1800 per month as disability pension payments from the police department, in addition to a monthly salary of about $3900 from full-time, private employment.

The parties stipulated to permanent orders, but reserved for the court the classification and division of the disability payments. The court concluded that the payments were marital property and divided them equally.

Husband contends that the trial court erred in finding that the disability payments constitute marital property. We agree.

The classification of property as marital or non-marital is a mandatory legal determination, and only that property which is marital in character in subject to distribution. Section 14–10–113(1), C.R.S. (1987 Repl.Vol. 6B); *In re Marriage of Franz*, 831 P.2d 917 (Colo. App.1992).

■ Generally, a spouse's post-dissolution earnings are not marital property, so that benefits compensating for loss of those earnings are not subject to division. *In re Marriage of Simon*, 856 P.2d 47 (Colo.App.1993) (Social Security disability payments); *In re Marriage of Smith*, 817 P.2d 641 (Colo.App. 1991) (workers' compensation benefits for future lost earnings); *see In re Marriage of Franz, supra* (federal military retirement pay computed on the percentage of disability); *In re Marriage of Nevil*, 809 P.2d 1122 (Colo.App.1991) (Veterans Administration disability pension). *But cf. In re Marriage of Simon, supra* (private disability insurance proceeds purchased with marital assets are marital property); *In re Marriage of Saslow*, 40 Cal.3d 848, 710 P.2d 346, 221 Cal.Rptr. 546 (1985) (disability payments may be non-marital property to the extent they replace post-dissolution lost earnings and marital property to the extent they provide retirement income).

■ Here, to the extent that husband's disability payments compensate for lost fu-

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

ture earnings, they may be analogized to those types of Social Security, Veterans Administration, and workers' compensation benefits which are not treated as marital property.

 Further, the pension fund which makes husband's payments is subject to § 31–30–616, C.R.S. (1993 Cum.Supp.). That section provides:

> Except for assignments for child support purposes as provided for in sections 14–10–118(1) and 14–14–107, C.R.S., and except for writs of garnishment which are the result of a judgment taken for arrearages for child support or for child support debt, no portion of the fund, before or after its order for distribution by the board to the persons entitled thereto, shall be held, seized, taken, subjected to, detained, or levied on by virtue of any attachment, execution, injunction, writ, interlocutory or other order or decree, or process or proceeding whatsoever issued out of or by any court of this state for the payment or satisfaction, in whole or in part, of any debt, damage, claim, demand, or judgment, against ... the beneficiary of said fund. Said fund shall be held and distributed for the purposes of this part 6 and for no other purpose whatsoever.

Thus, the General Assembly has expressed its intention that the beneficiary directly receive the police pension and disability benefits, unless child support payments or debts are owed. If post-dissolution benefits were subject to distribution as marital property, that legislative purpose would be contravened. *See In re Marriage of Smith, supra* (workers' compensation statute, § 8–42–124(1), C.R.S. (1993 Cum.Supp.), with similar effect).

Considering those factors, we conclude that husband's disability benefits may not be treated as marital property here.

 Because we reverse this aspect of the property division, on remand the trial court may reconsider whether the parties' stipulation as to maintenance is unconscionable and adjust the award of maintenance as it deems necessary. *See In re Marriage of Jones,* 627 P.2d 248 (Colo.1981). In that regard, the

trial court may consider the non-marital disability payments as an "economic circumstance" in determining maintenance. *See In re Marriage of Nevil, supra.*

The judgment is reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

PIERCE* and SMITH,* JJ., concur.