In re the MARRIAGE OF Colleen
A. SHEVLIN, Appellee,

and

Shane B. Shevlin, Appellant.

No. 94CA1250.

Colorado Court of Appeals,
Div. V.

Aug. 10, 1995.

Law Offices of Larry M. Leach, Larry M. Leach, Kevin F. Hughes, Denver, for appellee.

Jerry C. Connell, Littleton, for appellant.

Opinion by Judge ROTHENBERG.

In this dissolution of marriage action, Shane Bryant Shevlin (husband) appeals from that portion of the permanent orders dividing the property of his marriage to Colleen Ann Shevlin (wife). We affirm.

When the parties married in 1980, husband was an enlisted member of the United States Air Force. He remained so until 1991. At that time, to avoid a possible involuntary termination because of military downsizing, he left the active service under the terms of a voluntary separation incentive (VSI) plan. Under this plan, husband transferred to the Air Force Inactive Ready Reserve, where he is required to remain fit and available for recall to active duty in the event of a national emergency. While he remains a member of the inactive reserve, husband will receive annual payments of approximately $5000, for a defined number of years. At the time of permanent orders in 1994, husband was eligible to receive VSI payments for 22 more years.

■ Husband's sole contention on appeal is that the trial court erred in its conclusion that the VSI payments constitute marital property which is subject to distribution. We are not persuaded.

■ Marital property subject to division generally does not include property acquired after a dissolution. *In re Marriage of Faulkner*, 652 P.2d 572 (Colo.1982). However, compensation which is deferred until after the dissolution, but fully earned during the marriage, is marital property. *In re Marriage of Sewell*, 817 P.2d 594 (Colo.App.1991).

■ Property must be classified realistically based upon the nature of the asset in question. *In re Marriage of Smith*, 817 P.2d 641 (Colo.App.1991) (classifying workers' compensation benefits as marital property or separate property depending on the loss compensated).

The VSI benefit here at issue and a similar special separation benefit (SSB) were established by Congress in 1991 to effect a voluntary reduction in the size of the armed forces. *See* 10 U.S.C. §§ 1174a & 1175 (Supp. V 1993); *Elzie v. Aspin*, 841 F.Supp. 439 (D.D.C.1993). Benefits under each program are calculated based upon current basic pay and years of active service. The VSI thus calculated is paid periodically over a number of years, while an SSB is paid in a lump sum. An eligible member of the armed forces may choose benefits under either program.

We find dispositive *In re Marriage of McElroy*, —— P.2d —— (Colo.App. No. 94CA0957) (August 10, 1995), in which a division of this court examined the common basis for VSI and SSB payments. There, the division determined that the SSB in question was deferred compensation subject to marital distribution. The division reasoned that the SSB was awarded to the husband for his voluntary termination from active service, and upon making this election, husband had an absolute right to receive the benefit at a later time.

We agree with the reasoning in *McElroy* and find it equally applicable to the VSI benefit here at issue. In so doing, we reject husband's argument that his VSI benefit is received for the performance of his admittedly nominal duties as a member of the inactive reserve.

Hence, the trial court correctly determined that husband's VSI benefit is marital property, the receipt of which is contingent only upon his continued membership in the inactive reserve. Consequently, we perceive no error in its award to wife of her marital share of each VSI payment actually received by husband.

Judgment affirmed.

RULAND, J., concurs.

ROY, J., dissents.

Judge ROY dissenting.

For the reasons stated in my dissent in *In re Marriage of McElroy*, —— P.2d ——

(Colo.App. 94CA0957, August 10, 1995), I respectfully dissent.