In re the **MARRIAGE OF** Barbara
U. **RILEY–CUNNINGHAM,**
Appellant,

and

**James A. Cunningham, Appellee.**

**No. 98CA1487.**

Colorado Court of Appeals,
Div. V.

Sept. 16, 1999.

Rehearing Denied Nov. 4, 1999.

Certiorari Denied Aug. 21, 2000.

Steven M. Werner, Colorado Springs, Colorado, for Appellant.

Kent L. Freudenberg, Colorado Springs, Colorado, for Appellee.

Opinion by Chief Judge HUME.

In this dissolution of marriage action, Barbara U. Riley–Cunningham (wife) appeals the portion of the permanent orders distributing 16.2% of the disposable military retirement pay of James A. Cunningham (husband) to her. We affirm.

Both parties have or are eligible for military retirement and were approximately 48 years old at the time of the decree. Husband is retired from active duty and receives both military retirement and a disability benefit. Husband's disability is not at issue here. Wife served 11 years on active duty, and the last 13 years on active reserve, and therefore has performed more than 20 years of creditable service. Because she performed part of the necessary creditable years in the reserves, however, wife may not receive retirement benefits until she attains age 60.

Neither party challenges the trial court findings that wife is entitled to 23.4% of husband's military pension and that husband was entitled to 7.2% of wife's military pension. The court further found, as pertinent here, that:

The Court having received the evidence concerning the value of each hereby offsets the net present value of the [wife's] military reserve retirement against the [husband's] military retirement, and therefore, orders the [husband] to pay 16.2% of his disposable military retirement pay to the [wife].

The effect of the offset is that wife receives $320 per month as her share of husband's military pension instead of $462.07 per month.

## I.

■ Wife contends that the trial court was preempted by federal law from using the "net present value" method to distribute her pension. We disagree.

The federal preemption that previously existed was removed by the Uniformed Services Former Spouses' Protection Act (USFSPA), 10 U.S.C. § 1408 (1982), in order to permit state courts to apply their own laws in determining whether military retired or retainer pay is divisible in a dissolution of marriage action. *In re Marriage of Heupel*, 936 P.2d 561 (Colo.1997); *see In re Marriage of Gallo*, 752 P.2d 47 (Colo.1988).

■ In *Mansell v. Mansell*, 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989), preemption was found based upon a specific provision in the definitional section of the USFSPA expressly excluding consideration of a service member's disability pay from "disposable retired or retainer pay." *See* 10 U.S.C. § 1408(a)(4)(B) (1994). The state court is thus precluded from dividing a veteran's disability retirement pay as marital property. *In re Marriage of Franz*, 831 P.2d 917 (Colo.App.1992).

However, our courts have already concluded that nothing in *Mansell* prohibits state courts from dividing non-disability military financial benefits between the parties when their marriage is dissolved. *In re Marriage*

*of McElroy*, 905 P.2d 1016 (Colo.App.1995); *see In re Marriage of Heupel, supra* (rejecting argument that *Mansell* requires that the USFSPA be narrowly construed).

■ It is also settled in this jurisdiction that a non-vested military pension constitutes marital property subject to division under § 14–10–113, C.R.S.1999. *In re Marriage of McElroy, supra; see also In re Marriage of Hunt*, 909 P.2d 525 (Colo.1995) (post-dissolution increases in pension benefits established under nonvested and unmatured military pension plan constitute marital property).

For these reasons and the reasons discussed below, we reject wife's argument that the court is preempted from using the net present value method to distribute her unmatured military pension.

## II.

■ Wife also argues that, because she was not entitled to retire immediately, the trial court abused its discretion when it offset the net present values of the parties' pensions. Again, we disagree.

■ The determination of the appropriate method to value a vested but unmatured pension is within the discretion of the trial court. *In re Marriage of Grubb*, 745 P.2d 661 (Colo.1987). While a court is not precluded from using different methods to distribute the parties' pensions, the ultimate choice must be made after considering the particular needs and circumstances of the parties. *In re Marriage of Kelm*, 912 P.2d 545 (Colo.1996).

Under the net present value method, the trial court, guided by actuarial data, values the future benefit after considering a number of factors, including certain risks, and accords a present value to the future benefit. This method is used most often when the value of the pension is low. *In re Marriage of Hunt, supra.*

■ Once the trial court has determined the present value of the pension, it may award the pension to the military spouse and give the other spouse additional marital property to offset that award. The present

cash value method may be preferred if the employee-spouse's pension rights can be valued accurately and if the marital estate includes sufficient equivalent property available to the other spouse to offset the award of the pension plan to the military spouse. *In re Marriage of Gallo, supra.*

While the length-of-service requirements are more complex for individuals whose military retirement system service includes service in a reserve component, wife has cited no authority that such pensions should be treated any differently or excluded from the above rules. *See generally* 3 *Valuation and Distribution of Marital Property* §§ 46.30 through 46.35 (J. Mccahey ed.1999) (article by W. Troyan).

Here, by mutual agreement of the parties, a present value analysis of each spouse's pension was prepared by an expert and presented to the court. Wife does not dispute the values or percentages of marital property assigned by that expert. Because the court offset the pensions based upon their respective values only, the court's recognition that the survivor benefit would provide wife with an additional advantage does not constitute error.

■ Although there is the risk that wife will not live to receive her pension, the countervailing benefit to wife is that the post-dissolution enhancements of her benefits resulting from promotions and continued service will remain wife's property under the court's order. *See In re Marriage of Kelm, supra.* Further, the fact that the court reserved jurisdiction to distribute the equity in certain real estate did not require it to reserve jurisdiction over wife's pension.

Accordingly, we conclude that the trial court properly applied existing law and it was within its discretion to make a present distribution of both parties' respective pensions.

### III.

■ Wife also contends that the trial court erred in ruling that it had no authority to distribute the retirement pay that husband received during the year that the parties were separated. We perceive no reversible error.

■ The statutory requirement that property be valued as of the date of decree is mandatory unless there is a showing of dissipation, in which case such property must be valued as of the time of its dissipation. *In re Marriage of Finer,* 920 P.2d 325 (Colo.App. 1996).

Here, wife concedes that there was no evidence presented to establish the amount of retirement funds received by husband or the period during which they were received. In addition, there was no evidence that either party had dissipated any funds that had been received.

Even though the funds in question were marital property, inasmuch as there was no showing that they were used improperly or for illegitimate purposes, there was no basis for valuation or distribution of an asset that was not shown to exist at the time of the decree. *See In re Marriage of Finer, supra.*

Judgment affirmed.

Judge ROTHENBERG and Judge ROY concur.