863 So.2d 440 (2003)
Brian J. BOLLACI, Appellant,
v.
Naomi C. NIEPORTE-BOLLACI, Appellee.
No. 4D03-226.
District Court of Appeal of Florida, Fourth District.
December 31, 2003.
*441 Jennifer S. Carroll and Diane F. Medley of the Law Offices of Jennifer S. Carroll, P.A., Palm Beach Gardens, for appellant.
Terrence P. O'Connor of Morgan, Carratt and O'Connor, P.A., Fort Lauderdale, for appellee.
TAYLOR, J.
Brian Bollaci appeals a final judgment of dissolution of marriage. We affirm on all issues except the one challenging the trial court's requirement that appellant and his former wife share equally in any proceeds that appellant might receive in the future from his pending personal injury claim.
A few months after the former wife filed a petition for dissolution of marriage, appellant was involved in an automobile accident. During the dissolution of marriage trial, neither party presented any evidence concerning the circumstances surrounding the accident, the nature and extent of any injuries sustained by appellant, the filing of a personal injury lawsuit, or any settlement negotiations. However, in the final judgment of dissolution of marriage, the trial court ordered as follows:
The parties shall equally share in any proceeds receive[d] from Husband's claim in connection with Husband's automobile accident on May 20, 2002. Husband shall immediately provide to Wife any settlement documents and judgments in connection with said case.
We agree with appellant that the court erred in treating the proceeds of his personal injury claim as marital assets and equally distributing them. In Weisfeld v. Weisfeld, 545 So.2d 1341 (Fla.1989), the supreme court held that in determining whether a worker's compensation award is marital property, the trial court should use an analytical, rather than a mechanistic or unitary, approach. The court should consider the purpose of the award and focus on the award's "elements of damages." Id. at 1343. Only that portion of damages paid to the injured spouse as compensation *442 for past lost wages and loss of earning capacity is to be considered marital property. Id. at 1345. Damages for future loss of earnings and loss of earning capacity and future medical expenses are the separate property of the injured spouse, although they may be considered in fashioning alimony and support awards. Id.; see also White v. White, 820 So.2d 432 (Fla. 4th DCA 2002)(citing Weisfeld and holding that future lump sum payments to husband pursuant to settlement of his workers' compensation case were not marital assets).
Here, because neither side presented evidence from which the court could determine whether the proceeds from appellant's personal injury claim are subject to equitable distribution, we reverse that portion of the equitable distribution relating to appellant's personal injury claim and remand with directions to vacate it.
AFFIRMED in part; REVERSED and REMANDED in part.
STONE and KLEIN, JJ., concur.