BRYAN, Judge.
 

 This is the second time Janet McKowen Smith (“the wife”) and Danny Smith (“the husband”) have been before us. In
 
 Smith v. Smith,
 
 959 So.2d 1146 (Ala.Civ.App.2006)
 
 (“Smith I
 
 ”), the wife appealed from the parties’ divorce judgment, arguing, among other things, that the trial court had erred in failing to award her a portion of a settlement payment (“the settlement payment”) the husband was to receive as a result of injuries he had sustained in an automobile accident. In our opinion in
 
 Smith I,
 
 after noting that no binding precedent governed our decision regarding whether a personal-injury settlement payment constituted marital property or the separate property of the injured spouse, we stated:
 

 “Courts of other states have utilized three different approaches in determining whether to treat a payment in settlement of a spouse’s personal-injury claim as marital property or as the separate property of the injured spouse.
 
 See Golden v. Golden,
 
 681 So.2d [605] at 609 [ (Ala.Civ.App.1996) ] (Crawley, J., dissenting). One approach, sometimes referred to as the mechanistic approach, deems the settlement payment to be marital property if it is acquired during the marriage.
 
 See Bladow v. Bladow,
 
 665 N.W.2d 724 (N.D.2003); and
 
 In re Marriage of Simon,
 
 856 P.2d 47 (Colo.Ct.App.1993). Another approach, sometimes referred to as the unitary approach, deems the settlement payment to be the injured spouse’s separate property regardless of when the settlement payment is acquired.
 
 See, e.g., Fleitz v. Fleitz,
 
 200 A.D.2d 874, 606 N.Y.S.2d 825 (1994). The third approach is sometimes referred to as the analytic approach.
 
 See Bollaci v. Nieporte-Bollaci,
 
 863 So.2d 440 (Fla.Dist.Ct.App.2003);
 
 Tynes v. Tynes,
 
 860 So.2d 325 (Miss.Ct.App.2003); and
 
 Sullivan v. Sullivan,
 
 159 S.W.3d 529 (Mo.Ct.App.2005). Under the analytic approach, ‘to the extent that its purpose is to compensate an
 
 *1009
 
 individual for pain, suffering, disability, disfigurement, or other debilitation of the mind or body, a personal injury award constitutes the separate nonmari-tal property of an injured spouse.’
 
 Hardy v. Hardy,
 
 186 W.Va. 496, 501, 413 S.E.2d 151, 156 (1991); and
 
 Staton v. Staton,
 
 218 W.Va. 201, 206, 624 S.E.2d 548, 553 (2005). Likewise, the portion of a personal-injury settlement intended to compensate the injured spouse for loss of future wages is deemed to be that spouse’s separate property under the analytic approach.
 
 Bandow v. Bandow,
 
 794 P.2d 1346, 1348-49 (Alaska 1990). However, ‘economic losses, such as past wages and medical expenses, which diminish the marital estate are distributable as marital property when recovered in a personal injury award or settlement’ under the analytic approach.
 
 Hardy,
 
 186 W.Va. at 501, 413 S.E.2d at 156. In
 
 Bandow,
 
 the Alaska Supreme Court explained the rationale underlying the analytic approach as follows:
 

 “ ‘Damages for pain and suffering, mental anguish, and the like compensate for a loss which is so personal to the claimant spouse that classifying them as marital property would be inequitable.
 

 “ ‘ “Nothing is more personal than the entirely subjective sensations of agonizing pain, mental anguish, embarrassment because of scarring or disfigurement, and outrage attending severe bodily injury. Mental injury, as well, has many of these characteristics. Equally personal are the effects of even mild or moderately severe injury. None of these, including the frustrations of diminution or loss of normal body functions or movements, can be sensed, or need they be borne, by anyone but the injured spouse. Why, then, should the law, seeking to be equitable, coin these factors into money to even partially benefit the uninjured and estranged spouse? In such case the law would literally heap insult upon injury.... The only damages truly shared are ... the diminution of the marital estate by loss of past wages or expenditure of money for medical expenses. Any other apportionment is unfair distribution.” ’
 

 “Bandow v. Bandow,
 
 794 P.2d at 1349 (quoting
 
 Amato v. Amato,
 
 180 N.J.Super. 210, 218-19, 434 A.2d 639, 643 (App. Div.1981)).
 

 “We find the rationale underlying the analytic approach persuasive. Accordingly, we adopt that approach for determining whether a spouse’s personal-injury settlement or award is marital property or the separate property of the injured spouse. Under the analytic approach, the spouse claiming that the settlement or award is his or her separate property bears the burden of proving that claim.
 
 See Bandow,
 
 794 P.2d at 1350. Likewise, if the other spouse claims that a portion of the settlement or award is compensation for loss of consortium and, therefore, constitutes his or her separate property, he or she shall bear the burden of proof with respect to that claim.
 
 Id.
 

 “In the case now before us, the trial court did not have before it any evidence establishing that the settlement payment was the husband’s separate property under the analytic approach. Consequently,
 
 we must reverse the divorce judgment insofar as it divided the marital property
 
 because the trial court’s omission of the settlement payment from the division of marital property is not supported by the evidence. We remand the case to the trial court for the trial court to reconsider the division of marital property in light of this opinion. However, because the husband was not
 
 *1010
 
 on notice that he bore the burden of proof with respect to the issue whether the settlement payment was marital property or his separate property, we instruct the trial court, on remand, to allow the husband to introduce additional evidence regarding that issue and to allow the wife to introduce evidence in rebuttal of the husband’s evidence. Because the award of alimony is intertwined with the division of property,
 
 we also reverse the trial court’s judgment as to the award of alimony so that, on remand, the trial court may reconsider its award of periodic alimony in conjunction with its reconsideration of its division of the parties’ marital property. See Chambers v. Chambers,
 
 823 So.2d 709, 716 (Ala.Civ.App.2001).”
 

 959 So.2d at 1149-50 (emphasis added; footnote omitted).
 

 In addition to reversing the trial court’s judgment insofar as it divided the marital property and awarded periodic alimony, we also reversed the trial court’s judgment insofar as it failed to require the husband to pay the wife’s health-insurance premiums for at least the 36 months she was entitled to coverage under the husband’s health-insurance policy pursuant to COBRA. 959 So.2d at 1150;
 
 see also 29
 
 U.S.C. §§ 1162(2)(A)(iv) and 1168(3).
 

 On remand, the trial court took additional evidence regarding the issue whether the settlement payment was marital property or the husband’s separate property and entered a judgment stating:
 

 “THIS MATTER came onto be heard on February 11, 2008, in compliance with the Alabama Court of Civil Appeals’ Order on Remand to take additional evidence from the [husband] regarding his personal injury claim and the [wife’s] rebuttal to the [husband’s] evidence. In compliance with said directive, the Court took evidence from the [husband], subject to cross-examination and the [wife] declined to testify on said issue. The Court having considered all evidence in this matter is of the opinion the following Order shall be entered. Accordingly, it is
 

 “ORDERED and ADJUDGED by the Court:
 

 “1. That [the wife] presented no evidence to prove she was entitled to any share of [the husband’s] personal injury claim as the proceeds were paid on his bodily injury claim of which [the wife] does not have a right to a share. Therefore, the division of property made in the Final Judgment of Divorce remains unchanged.
 

 “2.
 
 That in further compliance with the Civil Court of Appeals, [the husband] is ordered to pay for Cobra coverage to the [wife] for a period of thirty-six (36) months. If [the wife] acquired other insurance during said time, [the husband’s] obligation for said coverage will terminate. By this Order, [the husband’s] obligation is extended thirty (30) months in addition to the six (6) months ordered in the Final Judgment of Divorce.”
 

 The wife then appealed to this court.
 

 Although neither party has questioned this court’s jurisdiction,
 

 “ ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even
 
 ex mero motu.’ Nunn v. Baker,
 
 518 So.2d 711, 712 (Ala.1987). The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case.
 
 See Jim Walter Homes, Inc. v. Holman,
 
 373 So.2d 869, 871 (Ala.Civ.App.1979).”
 

 Hubbard v. Hubbard,
 
 935 So.2d 1191, 1192 (Ala.Civ.App.2006).
 
 See also
 
 § 12-22-2, Ala.Code 1975.
 

 This court has previously stated:
 

 
 *1011
 
 “ ‘ “It is a well established rule that, with limited exceptions, an appeal will lie only from a final judgment which determines the issues before the court and ascertains and declares the rights of the parties involved.” ’
 
 Owens v. Owens,
 
 739 So.2d 511, 513 (Ala.Civ.App.1999), quoting
 
 Taylor v. Taylor,
 
 398 So.2d 267, 269 (Ala.1981). This court has stated:
 

 “ ‘A final judgment is one that completely adjudicates all matters in controversy between all the parties.
 

 “ ‘... An order that does not dispose of all claims or determine the rights and liabilities of all the parties to an action is not a final judgment. In such an instance, an appeal may be had “only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.” See Rule 54(b), Ala. R. Civ. P.’
 

 “Eubanks v. McCollum,
 
 828 So.2d 935, 937 (Ala.Civ.App.2002) (citations omitted).”
 

 Adams v. NaphCare, Inc.,
 
 869 So.2d 1179, 1181 (Ala.Civ.App.2003).
 

 In
 
 Smith I,
 
 we reversed not only the provisions of the trial court’s judgment dealing with the division of the marital property and the payment of the wife’s health-insurance premiums but also the provision dealing with the award of periodic alimony. In the amended judgment entered by the trial court on remand, although it ruled regarding the division of marital property and the payment of the wife’s health-insurance premiums, the trial court did not rule regarding the award of periodic alimony. Consequently, the amended judgment from which the wife has appealed is not a final judgment, and, therefore, we must dismiss the wife’s appeal. The husband’s request for an attorney fee on appeal is denied.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.