25CA0277 Marriage of Fazzi 06-25-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0277
Mesa County District Court No. 23DR194
Honorable Brian J. Flynn, Judge

---

In re the Marriage of

Marielle Michelle Fazzi n/k/a Marielle Michelle Hylton,

Appellee,

and

Shane Allen Fazzi,

Appellant.

---

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE MOULTRIE
Grove and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 25, 2026

---

JVAM PLLC, Ann Jefferson, Quentin H. Morse, Glenwood Springs, Colorado, for Appellee

Kanthaka Group, John M. Scorsine, Colorado Springs, Colorado, for Appellant

¶ 1 Shane Allen Fazzi (husband) appeals the district court's division of marital property entered in connection with the dissolution of his marriage to Marielle Michelle Fazzi, now known as Marielle Michelle Hylton (wife). We reverse the court's division of marital property and remand the case for further proceedings.

I.    Background

¶ 2 Husband and wife were married for about twelve years and share two children. Husband and his business partner, Colin Dutton, formed LuckyShot, LLC, and LuckyShot Holdings, LLC (collectively, the LLCs), during husband and wife's marriage. Before the entry of permanent orders, husband owned 50% of the LLCs, while Dutton owned the other 50%.

¶ 3 The district court held a permanent orders hearing and entered a decree dissolving the parties' marriage. The court took the case under advisement and subsequently entered permanent orders regarding financial matters in early January 2025 (permanent orders).

¶ 4 The court found, and the parties don't dispute, that husband's 50% interest in the LLCs was marital property. The court further found that "it [was] equitable to award each of the parties one-half

1

(50%) of the marital interest in [the LLCs], meaning each would be a 25% owner and Mr. Dutton would be a 50% owner."

¶ 5    Based on the historical monthly distributions that husband received from the LLCs — typically $8,000 — the court concluded that "each party should . . . receive one-half of the monthly income from the business (currently each would receive $4,000 per month from the business as well as their share of other financial benefits that the business currently provides to them, including in-kind payments)."

¶ 6    On February 17, husband filed a notice of appeal in which he challenged portions of the court's financial orders regarding the LLCs.  On February 21, wife filed a motion under C.R.C.P. 60 asking the court to make her a managing partner of the LLCs.[1]  Five days later, the court granted wife's Rule 60 motion and amended the permanent orders (amended orders).

---

[1] Husband didn't supplement the record with any filings or orders entered in the district court after February 14.  Because our review of wife's C.R.C.P. 60 motion and the court's related ruling are necessary to explain the procedural posture of this case, we take judicial notice of Mesa County Court Case No. 23DR194.  *See Harriman v. Cabela's Inc.*, 2016 COA 43, ¶ 64 (appellate courts can judicially notice the contents of relevant, related court records).

¶ 7    In his appeal, husband contends that the court erred by (1) ruling on wife's Rule 60(b) motion when it lacked jurisdiction to do so; (2) ordering that wife be made a 25% owner of the LLCs; and (3) ordering that wife receive specified financial distributions from the LLCs.

¶ 8    As an initial matter, we note that we lack jurisdiction to consider the merits of husband's first contention. Husband filed his notice of appeal before the court issued the amended orders. Because he didn't file an amended notice of appeal, his challenge to the amended orders isn't properly before us. *See In re Estate of Anderson*, 727 P.2d 867, 869-70 (Colo. App. 1986) (notice of appeal wasn't effective to initiate the appeal of an order entered after the notice was filed). Although we don't have jurisdiction over the amended orders, we nonetheless clarify for the court and the parties on remand that the district court lacked jurisdiction to enter the amended orders. *See Molitor v. Anderson*, 795 P.2d 266, 269 (Colo. 1990) (after a party files a notice of appeal, the district court no longer has authority to consider a Rule 60(b) motion when the relief sought would substantially affect the judgment subject to that appeal).

¶ 9    Therefore, the permanent orders are the orders that are subject to this appeal.  We now consider husband's remaining contentions.

## II.    Applicable Legal Principles

¶ 10    A district court has great latitude in equitably dividing a marital estate in such proportions as it deems just.  *See* § 14-10-113(1), C.R.S. 2025; *In re Marriage of Medeiros*, 2023 COA 42M, ¶ 28.  Before dividing a marital estate, a court must determine whether an asset is marital or separate.  § 14-10-113(1); *In re Marriage of Corak*, 2014 COA 147, ¶ 9.  And then it must value marital property as of the date of the hearing on the disposition of property.  § 14-10-113(5); *see In re Marriage of Balanson*, 25 P.3d 28, 36 (Colo. 2001).  Subject to certain exceptions not applicable here, all property acquired during the marriage is presumed marital.  § 14-10-113(2), (3); *see In re Marriage of Capparelli*, 2024 COA 103M, ¶ 10.

¶ 11    Absent a showing that the court abused its discretion, we won't disturb a court's equitable division of a marital estate.  *Medeiros*, ¶ 28.  "A court abuses its discretion when its decision is

4

manifestly arbitrary, unreasonable, or unfair, or a misapplication of the law." *Id.*

### III. The Court Erred When It Divided the Marital Estate

¶ 12 Husband argues that the court abused its discretion when it dictated the distribution of the LLCs' income because it didn't have personal jurisdiction over the LLCs or Dutton. Wife argues that because husband acquired his interests in the LLCs during the marriage, the court correctly concluded that husband's interests were marital and the court could therefore transfer half of those interests to her.

¶ 13 We agree with wife that the court correctly categorized husband's interests as marital and could transfer half of those interests to her; however, we agree with husband that the court's order directing specific income distributions from the LLCs was erroneous.[2]

---

[2] Because we conclude that the court erred when it determined the LLCs' income distribution, we need not consider husband's argument about whether the court properly exercised personal jurisdiction over the LLCs or his reliance on *Littell v. Bridges*, 2023 ME 29, a nonbinding case from Maine.

¶ 14    Husband doesn't dispute that his 50% interest in the LLCs is marital.  However, he argues that the court couldn't "simply direct the transfer of one-half share of the [LLCs'] holdings" to wife without considering the LLCs' operating agreements.  While this may be true, husband doesn't cite any portion of the record that contains an operating agreement for either LLC.  Indeed, husband acknowledges that there was "scant" reference to the operating agreements for the LLCs, and neither party introduced the agreements.[3]  *See* C.A.R. 28(a)(7)(B) (appellant must provide citations to the parts of the record on which the appellant relies); *see also Condo v. Conners*, 266 P.3d 1110, 1115 (Colo. 2011) (noting that while an ownership interest in an LLC is normally treated as assignable personal property, this general rule may be abrogated by the express terms of an LLC's operating agreement).  Thus, the district court didn't consider the LLCs' operating agreements.

---

[3] In a footnote, counsel acknowledges that the record doesn't contain the operating agreements for either LLC.  This footnote's text, like all footnotes in husband's briefing, is in a typeface less than 14-point.  This violates C.A.R. 32(a)(1)'s requirement that typeface in briefs "must be 14-point or larger, including footnotes."  We trust counsel will adhere to this rule in the future.

¶ 15    Regardless, the court equally divided husband's 50% interest in the LLCs between the parties to give husband and wife each a 25% interest.  It concluded that "each party should then receive one-half of the monthly income from [the LLCs]," which included in-kind payments.

¶ 16    But absent circumstances not present here — such as when a court issues a charging order or judicially dissolves an LLC — a court can't compel an LLC to distribute income.  *See JPMorgan Chase Bank, N.A. v. McClure*, 2017 CO 22, ¶ 15 (a charging order allows a judgment creditor to receive a debtor-LLC member's right to profits and distributions from the LLC); *Gagne v. Gagne*, 2019 COA 42, ¶ 44 (permitting a court to order in-kind distributions from an LLC "in the event of a judicial dissolution and winding up of the company").  Rather, distributions from an LLC are limited to its members as stated in the LLC's records, § 7-80-504, C.R.S. 2025, and there's no information suggesting wife was a member of the LLCs.

¶ 17    Moreover, by allocating each party a 25% interest in the LLCs, the court kept the parties financially entangled by ordering them to share interests in the businesses, which is contrary to public policy.

*See In re Marriage of Simon*, 856 P.2d 47, 49 (Colo. App. 1993) ("It is generally improper to continue [joint ownership] between the parties, as contrary to the public policy of discouraging continued litigation and ongoing financial interaction between divorced spouses."). For these reasons, the court erred when it divided the marital estate. *See Medeiros*, ¶ 28. Accordingly, we remand for the court to reconsider its division of the marital property.

¶ 18 When the court reconsiders its equitable distribution of the marital estate on remand, it should ensure that the parties don't continue any joint ownership of marital assets. *See Simon*, 856 P.2d at 49. The court must also reevaluate maintenance and child support based on the court's reconsideration of the property division and the parties' current financial circumstances. *See* § 14-10-113(1)(c); *In re Marriage of de Koning*, 2016 CO 2, ¶ 26 (maintenance); *see also In re Parental Responsibilities Concerning M.G.C.-G.*, 228 P.3d 271, 273 (Colo. App. 2010) (child support). The court may exercise its discretion to determine whether additional proceedings or an evidentiary hearing is necessary. *See In re Marriage of Pawelec*, 2024 COA 107, ¶ 85.

## IV. Disposition

¶ 19    The portion of the judgment concerning the marital property division is reversed, and the case is remanded for further proceedings consistent with this opinion.  Those portions of the judgment not challenged on appeal remain undisturbed.

JUDGE GROVE and JUDGE GOMEZ concur.